UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL C. DWYER, | Case No: C 10-5734 SBA |
| Plaintiff, | **ORDER DISMISSING ACTION** |
| vs. | |
| EAGLE MARINE SERVICES, LTD., et al., | |
| Defendants. | |

Plaintiff Michael C. Dwyer brings the instant pro se action to challenge his termination by Eagle Marine Services, Ltd. ("EMS"). On April 29, 2013, EMS filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5). Dkt. 16. Under Civil Local Rule 7-3(a), an opposition to a motion must be filed within fourteen days of its filing, and the reply is due seven days thereafter. As such, Plaintiff's response to the motion should have been filed by no later than May 13, 2013. Plaintiff failed to file any response to the motion.

On June 12, 2013, the Court issued an Order Directing Plaintiff to File Response to Defendant's Motion to Dismiss. Dkt. 21. The Order stated that, although the Court could have dismissed the action, it was instead affording Plaintiff additional time to file his opposition. The salient portion of the Order states:

> Plaintiff shall have until June 26, 2013 to file and serve his response (i.e., either an opposition or a statement of non-opposition) to Defendant's motion to dismiss. Plaintiff's response shall comply in all respects with the Federal Rules of Civil Procedure and the Court's Civil Local Rules including, without limitation, Civil Local Rules 7-3 through 7-5. **PLAINTIFF IS WARNED THAT THE FAILURE TO FILE A RESPONSE BY THIS DEADLINE AND/OR TO COMPLY WITH THIS ORDER OR ANY OTHER APPLICABLE PROCEDURAL RULES WILL RESULT IN THE GRANTING OF THE PENDING MOTION AND THE DISMISSAL OF THIS ACTION.**

Dkt. 21 at 2-3.  To date, Plaintiff has not filed any response to Defendant's motion to dismiss or otherwise communicated with the Court.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet  963 F.2d 1258, 1260 (9th Cir. 1992); Link v. Wabash R. Co., 370 U.S. 626, 630 (1962) ("[t]he authority of the federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").  "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

In the instant case, the Court finds that the above-referenced factors weigh in favor of dismissal.  With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

The second factor, the Court's need to manage its docket, also militates in favor of dismissal.  Here, Plaintiff's failure to oppose EMS' motion to dismiss, notwithstanding two opportunities and two months to do so, has unreasonably undermined this Court's ability to manage this case.  See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to the defendants, generally requires that "a defendant … establish that plaintiff's actions impaired defendant's ability to proceed to trial

or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642.  At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting."  Id.  Here, Plaintiff has offered no explanation for his failure to respond nor is any apparent from the record.  These facts also weigh strongly in favor of dismissal.  See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

As to the fourth factor, the Court has already considered less drastic alternatives to dismissal.  When Plaintiff failed to file his response to Defendant's motion by the May 13, 2013, deadline, the Court could have dismissed the case, as the Court's Standing Orders expressly warned that the failure to timely oppose a motion "shall constitute a consent to the granting of the motion."  Dkt. 7 at 3.  In consideration of less drastic alternatives to dismissal, however, the Court, sua sponte granted Plaintiff two additional weeks to file his response—in effect granting him over two months to prepare his opposition.  Dkt. 21.  Again, the Court expressly warned Plaintiff that the failure to file a response by the new deadline of June 26, 2013, would result in the dismissal of this action.  Id.  Despite this additional warning, Plaintiff has not filed any response to the motion to dismiss as ordered by the Court.  "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement."  Ferdik, 963 F.2d at 1262.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal.").

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of granting dismissing the action.  Id. (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).  Accordingly,

//

//

//

1    IT IS HEREBY ORDERED THAT the instant action is DISMISSED with prejudice

2  for failure to prosecute, pursuant to Rule 41(b).

3    IT IS SO ORDERED.

4  Dated:  June 28, 2013    _____

5                          SAUNDRA BROWN ARMSTRONG
                           United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2  UNITED STATES DISTRICT COURT
   FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA

4

5  MICHAEL C. DWYER,

6              Plaintiff,

7     v.

8  EAGLE MARINE SERVICES, LTD. et al,

9              Defendant.

10  _____/

11

12                              Case Number: CV10-05734 SBA

13                        **CERTIFICATE OF SERVICE**

14

15  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
   Court, Northern District of California.

16  That on July 3, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said
17  copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
   said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
18  located in the Clerk's office.

19

20

21
   Michael C. Dwyer
22  10581 Englewood Drive
   Oakland, CA 94605
23

24  Dated: July 3, 2013

25                              Richard W. Wieking, Clerk
                               By: Lisa Clark, Deputy Clerk
26

27

28

                              - 5 -